IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHIE LORFING,<br>　　　　Plaintiff, | §<br>§ | |
| vs. | §<br>§ | Civil Action No. 3:16-CV-915-L |
| GERDAU AMERISTEEL U.S., INC.,<br>　　　　Defendant. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated September 27, 2016 (doc. 14), before the Court for recommendation are *Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support*, filed July 21, 2016 (doc. 7), and the plaintiff's *Alternative Motion to Amend*,[1] filed July 26, 2016 (doc. 9). Based upon the relevant filings and applicable law, the motion to dismiss should be **GRANTED,** and the motion to amend is **DENIED**.

## I. BACKGROUND

On April 4, 2016, Kathie Lorfing (Plaintiff) filed this defamation action against her former employer, Gerdau Ameristeel U.S., Inc. (Defendant), alleging that her supervisor, Lenora Riggin (Supervisor), was "ordered by [Defendant's] HR to recite false charges" of creating a hostile work environment in her annual performance review. (doc. 1. at 3.)[2] She claims that she lost her reputation due to these defamatory charges and was forced to resign on February 12, 2016, because "[n]o reasonable person would have continued to work in such a corrupt environment." (*Id.* at 2-3.) She further claims that Defendant would have reasonably foreseen that she would be compelled to disclose the defamatory remarks to prospective employers. (*Id.* at 5.) She now seeks compensatory damages

---

[1] Plaintiff's motion to amend was included but not formally identified in her response to the motion to dismiss. (doc. 9 at 10.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

for pecuniary loss, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. (*See id.* at 6.)

On July 21, 2016, Defendant moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (doc. 7.) With a timely-filed response and reply, this motion is ripe for consideration. (docs. 9, 10.)

## II. RULE 12(b)(6)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III. DEFAMATION

Defendant argues that Plaintiff has failed to allege any plausible facts that would establish the necessary elements of a defamation claim. (doc. 7 at 1.)

Under Texas law, "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.–Waco 2005, no pet.)). Defamatory statements are published "if they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party did so understand." *Crouch v. J. C. Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 F. App'x. 399 (5th Cir. 2009). A statement is defamatory if it exposes a person to "public hatred, contempt or ridicule, or financial injury or if it impeaches any person's honesty, integrity, virtue, or reputation." *Shaunfield v. Bank of America*, No. 3:12–CV–3859–B, 2013 WL 1846885 at *3 (N.D. Tex. Apr. 24, 2013) (citing *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 854 (Tex. App.–Dallas 2003, no pet.)). Generally, a plaintiff who is a private individual must show that the defendant acted negligently regarding the truth of the defamatory statement at the time that the

defendant published it. *See Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 595–96 (5th Cir. 2007) (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). Courts require "more particular pleading" for defamation claims to allow the opposing party to raise the appropriate defenses. *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901 at *6 (N.D. Tex. Aug. 19, 2013).

**A.      Expression of Opinion**

Defendant first argues that Plaintiff's defamation claim should be dismissed because the statements contained in her performance review constitute an expression of opinion. (doc. 7 at 4.)

To be actionable defamation, a statement must be a verifiable fact rather than an opinion. *See Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013) (explaining that "statements that are not verifiable as false cannot form the basis of a defamation claim"). The Texas Supreme Court, following the direction of the U.S. Supreme Court, found that it is "unnecessary to create a separate privilege [in defamation claims] for 'opinion' defined by some multi-factor test." *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002) (holding that allegations of corruption were an actionable defamation claim though it appeared to be an expression of opinion) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990)). A court must instead assess the full context of the allegedly defamatory statement in order to determine if it may be the basis for a defamation claim. *Id.* The analysis depends on a "reasonable person's perception of the entirety of the publication and not merely on individual statements." *Id.* (citing *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000)).

Here, Plaintiff alleges that she was defamed in her performance review by allegations that she created a hostile work environment. (*See* doc. 1 at 2-3.) She claims that Defendant "investigated and found [her] guilty" of the charges during the performance review, even though she never received

4

confirmation of an investigation. (*Id.* at 3.) These express allegations, similar to allegations of corruption, assert facts that can be "objectively verified," namely whether she did or did not create a hostile work environment. *See Avila v. Larrea*, 394 S.W.3d 646, 658 (Tex. App.—Dallas 2012, pet. denied). Viewed in the light most favorable to Plaintiff, the alleged statements may support an actionable statement of fact for a defamation claim. *See Smith v. Shred-It USA*, No. 3:10-CV-831-O, 2010 WL 3733902 at *7 (N.D. Tex. Sept. 23, 2010) (finding that allegations of sexual harassment in the workplace were actionable as defamation "even though the allegedly defamatory statements were statements of opinion")). Accordingly, Defendant's motion to dismiss Plaintiff's defamation claims on this ground should be denied.

**B.**     **Publication**

Defendant also argues that Plaintiff's defamation claims should be dismissed because she fails to sufficiently allege publication as an element of defamation. (doc. 7 at 4-6.)

*1.     Third Party Publication*

Defendant first contends that Plaintiff fails to identify any third party to whom the alleged defamatory statements were published. (*Id.* at 4-5.)

Defamatory statements are published when they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party actually understood. *See Crouch*, 564 F. Supp. 2d at 646. When a plaintiff attempts to allege that defamatory statements were published by his co-workers, an employer is liable if the defamatory statement "falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Crouch v. J. C. Penney Corp.*, 337 F. App'x 399, 402 (5th Cir. 2009) (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577

(Tex. 2002)). The Texas Supreme Court has explained that when an employer requires employees to discuss other employees in the course of workplace investigations or reviews, however, these discussions are not "in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Id.* at 402-03 (citing *Minyard Food Stores*, 80 S.W.3d at 577-79). This means that "statements made by an employee to his employer about another employee as part of a required workplace investigation cannot give rise to defamation." *Id.* at 403.

Here, Plaintiff argues that the defamatory statements were published through "intracorporate publication" between Supervisor and Defendant's human resources department in Plaintiff's performance review. (doc. 9 at 8-9.) She relies on the *Shred-It* case and argues that it stands for the proposition that "intracorporate publication, even as part of an investigation, is sufficient" to satisfy the publication element. (*Id.* at 10.) In *Shred-It*, the plaintiff sought to hold two of her co-workers personally liable for allegedly defamatory remarks that they communicated to other employees and to the company's human resources department. *See Shred-It*, 2010 WL 3733907 at *1. The court held that communications between the co-workers and other company employees sufficiently alleged the publication element for the claims against the co-workers individually. *See id.*

Here, Plaintiff sues her employer directly for statements that its human resources department allegedly "ordered" Supervisor to include in the performance review. (doc. 1 at 2-3.) Unlike in *Shred-it*, Plaintiff attempts to hold her employer liable for statements made in her internal performance review; she is not attempting to hold her co-workers personally liable for statements made to other employees. (*See id.*) She fails to allege or identify any third party to whom the defamatory statements in the performance review were published and consequently fails to state an actionable defamation claim. *See Lowery v. Allstate Cty. Mut. Ins. Co.*, No. 3:06-CV-1886-L, 2007 WL 1231703 at *5 (N.D.

6

Tex. Apr. 23, 2007) (dismissing claims for defamation made by company personnel in a performance review to a human resources department because the statements were to other company personnel and not to third parties); *see also Garrett v. Celanese Corp.*, No. 3:02-CV-1485-K, 2003 WL 22234917 at *5 (N.D. Tex. Aug. 28, 2003), *aff'd*, 102 F. App'x 387 (5th Cir. 2004) (dismissing defamation claims of allegedly false information in the plaintiff's performance review and personnel file because she failed to identify any third party to whom these defamatory statements were made).

### 2. *Self-Publication*

Defendant further argues that Plaintiff cannot state a claim for defamation under a self-publication theory because she was aware that her performance review contained the alleged defamatory statements when she resigned. (doc. 7 at 5.)

To state a claim for defamation under a self-publication theory, a plaintiff must allege that "[s]he published the allegedly defamatory statements without an awareness of the defamatory nature of the matter." *Florence v. Frontier Airlines, Inc.*, 149 F. App'x 237, 240 (5th Cir. 2005); *see also Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 914 (5th Cir. 2000) (noting that this requirement "is essential because otherwise 'the defamed party is under no duty to mitigate its damages by refraining to self-publish known defamatory statements'") (citations omitted).

Here, Plaintiff contends that the alleged defamatory statements are reasonably foreseeable and susceptible to self-publication when she is questioned about her discharge by prospective employers. (doc. 9 at 9.) She has maintained since the outset of this case that she knew the hostile work environment allegations were defamatory at the time of the performance review. (*See* docs. 1, 9.) Plaintiff never alleges that she was unaware of the defamatory nature of the allegations, and she does not argue or explain how the awareness requirement is not applicable. *See Moyer*, 2013 WL 4434901

7

...
...
...

at *15 (dismissing defamation claim under a self-publication theory because the plaintiff "knew at the time she was terminated from the company that [the defendant's] statement was defamatory"). Plaintiff's complaint fails to state a defamation claim under a self-publication theory.

Because she has not sufficiently alleged the publication to a third party element, Plaintiff's defamation claims should be dismissed for failure to state a claim.

### IV. MOTION FOR LEAVE TO AMEND

In her response, Plaintiff seeks leave to file an amended complaint if it is recommended that Defendant's motion to dismiss should be granted. (doc. 9 at 10.)

Rule 15(a) of the Federal Rules of Civil Procedure directs the federal courts to freely grant leave to amend "when justice so requires." This does not mean that a party is automatically entitled to leave upon request. When a party moves to amend her complaint, she must do so in a procedurally proper manner by complying with applicable rules of procedure. The local rules of this Court require a party "to include the proposed amended pleading so that the Court can evaluate whether to grant the motion." *Infomart (India), Pvt., Ltd. v. Metrowerks Corp.*, No. 3:04-CV-1299-N, 2005 WL 292433 at *14 (N.D. Tex. Feb.7, 2005) (citing L.R. 15.1). The Court properly denies leave to amend when the moving party fails to comply with Rule 15.1. *Bryant v. Orndorff*, No. 5:04-CV-215-C, 2005 WL 139115 at *5 (N.D. Tex. Jan. 21, 2005).

Plaintiff has not complied with the local rule that governs motions to amend. She has not attached a copy of the proposed amendment as an exhibit as required by L.R. 15.1. This is a sufficient reason to deny her request for leave to amend. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005). Plaintiff's alternative motion to amend her complaint is denied.

8

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and her claims should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 26th day of January, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE