IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KATHIE LORFING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-915-L** |
| | § | |
| **GERDAU AMERISTEEL U.S. INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On January 26, 2017, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 7) and dismiss with prejudice Plaintiff's defamation claim and this action under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge also recommended that the court deny Plaintiff's request for leave to amend her pleadings because she did not attach a proposed amended complaint for the court to evaluate and determine whether she should be allowed to amend her pleadings.

In her objections to the Report, Plaintiff contends that her pleadings are sufficient to state a claim for defamation under Texas law. Notwithstanding this objection, Plaintiff contends that she should be allowed to amend her pleadings because she "could not have anticipated the Magistrate's split ruling which denied intracorporate publication, and attached a responsive amended complaint prior to the [magistrate judge's] ruling." Pl.'s Obj. 3.

Having reviewed the motion, briefs, pleadings, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court

determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **concludes** that Plaintiff has failed to state a claim upon which relief can be granted, and the only remaining question is whether Plaintiff should be allowed to amend her pleadings.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

By "split ruling," Plaintiff presumably refers to the magistrate judge's conclusion that Defendant was entitled to dismissal of her defamation claim on one of the three grounds asserted in Defendant's motion to dismiss. Plaintiff does not explain why she could not have anticipated that the magistrate judge might recommend that the court grant Defendant's motion to dismiss her defamation claim based on one or all three of the grounds asserted in Defendant's motion; nor does she explain why she could not have submitted a proposed amended complaint that cured the deficiencies noted in Defendant's motion to dismiss before the magistrate judge entered her Report. Even assuming that Plaintiff did not anticipate that the magistrate judge would recommend that the

court grant Defendant's motion to dismiss, she does not explain in her objections how she would cure the deficiencies noted in Defendant's motion and the magistrate judge's Report. She instead continues to contend that her pleadings are sufficient to state a claim for defamation. Under Federal Rule of Civil Procedure 15(a), Plaintiff was entitled as a matter of right to amend her pleadings without leave of court within 21 days after Defendant filed its motion to dismiss, but she similarly chose to stand on her pleadings.

Because Plaintiff continues to maintain that her defamation claim as currently pleaded is sufficient and fails to explain how she would cure the deficiencies noted in the motion to dismiss and Report, despite having had three opportunities to do so—first under Rule 15(a)(2), second in response to the motion to dismiss, and a third time in her objections to the Report—the court believes that Plaintiff has stated her "best case" and cannot improve upon or supplement the allegations as pleaded. *See Schiller*, 342 F.3d at 567; *Jacquez v. Procunier*, 801 F.2d 789, 790 (5th Cir. 1986) (reversing denial of motion to dismiss because the "plaintiff's pleadings allege only conclusions and fail to state a cause of action against any defendant, and . . . plaintiff stands on those pleadings . . . without suggesting any specificity that could be added to the claim if allowed to replead."). The court, therefore, concludes that any attempt by Plaintiff to amend her pleadings would be futile and unnecessarily delay the resolution of this action.

Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 7), **overrules** Plaintiff's objections, **denies** Plaintiff's request to amend her pleadings, and **dismisses with prejudice** Plaintiff's defamation claim and this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**It is so ordered** this 13th day of February, 2017.

                                                      Sam A. Lindsay
                                                     United States District Judge